## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** MO-24-CV-086 |
| | § | |
| **TWENTY FOUR ASSORTED** | § | |
| **ELECTRONIC DEVICES,** | § | |
| **Respondent.** | § | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Title 28 U.S.C. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and respectfully states as follows:

### I.
### JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by the United States under Title 28 U.S.C. § 1345 and over an action for forfeiture under Title 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the following property:

- Twenty Four Assorted Electronic Devices. described as the following:
  - Red iPhone 12,
  - Black iPhone,
  - Dell XPS Laptop,
  - Dell Inspiration LT Laptop,
  - Cruzer Glide 326B USB Drive,
  - PNY 64GB SD Card,
  - Simple TEC 500 GB HD,
  - Blue Samsung SSD,
  - Silver Toshiba HD,
  - White USB Drive Marked "Senor Sunday",
  - White USB Drive Marked "Graphics Kit",
  - Black USB Drive Marked "MVP",
  - Lexar Thumbdrive,

- o Exxon Mobile Thumbdrive,
- o Sony Memory Stick,
- o Lowe's Car Thumbdrive,
- o Black/Silver Thumbdrive,
- o DTR Thumdrive,
- o Three Sandisk Thumbdrives,
- o Duct Tape Thumbdrive,
- o Agrium Thumbdrive, and
- o Grey Onn Thumbdrive,

hereinafter referred to as the "Respondent Property," under Title 28 U.S.C. §§ 1355(b) and 1395(a). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

The Respondent Property was seized in Midland County, Texas, in October of 2023 by law enforcement agents. The Respondent Property has remained in the custody of the Homeland Security Investigations, within the jurisdiction of the United States District Court, Western District of Texas, Midland Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## II.
## DESCRIPTION OF RESPONDENT PROPERTY

The Respondent Property is described as follows:

- Twenty Four Assorted Electronic Devices. described as the following:
  - o Red iPhone 12,
  - o Black iPhone,
  - o Dell XPS Laptop,
  - o Dell Inspiration LT Laptop,
  - o Cruzer Glide 326B USB Drive,
  - o PNY 64GB SD Card,
  - o Simple TEC 500 GB HD,
  - o Blue Samsung SSD,
  - o Silver Toshiba HD,
  - o White USB Drive Marked "Senor Sunday",
  - o White USB Drive Marked "Graphics Kit",
  - o Black USB Drive Marked "MVP",
  - o Lexar Thumbdrive,
  - o Exxon Mobile Thumbdrive,

2

- o  Sony Memory Stick,
- o  Lowe's Car Thumbdrive,
- o  Black/Silver Thumbdrive,
- o  DTR Thumdrive,
- o  Three Sandisk Thumbdrives,
- o  Duct Tape Thumbdrive,
- o  Agrium Thumbdrive, and
- o  Grey Onn Thumbdrive.

## III.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought for violations of Title 18 U.S.C. §§ 2251(A)

*et seq.*, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 2254,

which states:

**Title 18 U.S.C. § 2252A (a)(5)(B).  Certain activities relating to material constituting or containing child pornography.**

Any person who either knowingly sells or possess with the intent to  sell any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer shall be punished  . . .

**Title 18 U.S.C. § 2254.  Civil Forfeiture**
Any property subject to forfeiture pursuant to section 2253 may be forfeited to the United States in a civil case in accordance with procedures set forth in chapter 46.

**Title 18 U.S.C.  § 2253. Criminal Forfeiture**
**(a) Property subject to criminal forfeiture**.--- A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251 . . . of this chapter . . . . shall forfeit to the United States such person's interest in ---
* * *
**(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
**(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3

## IV.
## BURDEN OF PROOF

At trial, the United States of America will establish by a preponderance of the evidence that the Respondent Property is subject to forfeiture and should be forfeited to the United States of America as alleged by the Verified Complaint for Forfeiture.

## V.
## FACTS IN SUPPORT OF VIOLATIONS

1.      Law Enforcement, Federal Agents with the Midland Police Department (MPD), and Homeland Security Investigations (HSI), received information that Internet Crimes Against Children (ICAC) Task Force members from the Nassau County Police Department, Special Victims Squad – Child Exploitation Section and HSI, ASAC-Long Island, initiated an investigation stemming from approximately 15 National Center for Missing and Exploited Children (NCMEC) Cybertips.

2.      The agency first started receiving tips in 2018 that an IP address associated with a residential home in Seaford, New York was uploading Child Sexual Abuse Material (CSAM) videos and images via "Skype."

3.      In its investigation, the agency found messages where Corey White claimed he had sexually assaulted his two children.

4.      On the basis of the materials, federal agents obtained a federal search warrant for WHITE's residence.

5.      On October 23, 2023, HSI Task Force set up surveillance at White's residence in Midland, Texas.  When White arrived at his residence, law enforcement detained him and transported him to Midland Police Department to be interviewed.

6.      Federal agents executed the warrant of White's residence.  During the search,

Federal Agents located and seized the Respondent Property (Twenty Four Assorted Electronic Devices).

7.     During his initial interview, White explained that he and his wife had lived in Midland since March of 2022, and he was employed as a student youth minister at a Church named the Redeemer, since May of 2022.

8.     White asked if he was detained for what he said on the internet about terrorism.

9.     White claimed he was on Facebook, Twitter, (his main source of social media); Instagram page, (he rarely uses); and SNAPCHAT, (that he and his wife use).

10.     White stated he studied mechanical engineering; but he left because of his passion for youth which started in Borger, Texas, where he was introduced to youth ministry and his passion for youth is a "spiritual gift."

11.     When asked if he was familiar with the site "Omegle,". White admitted using it and stated, "yes, sir, it's a video chat, where you connect with strangers . . . I've used it before . . . it's a safe place." White claimed it was safe because there are things in his past that he was not proud of.

12.     White could not remember the last time he was on the site.

13.     White admitted using Omegle to do sexual things and that he would try to find other people to do "mutually showing off."

14.     White claimed to have a lust and that Omegle was akin to live action porn.  He also admitted that while on the site he at times exposed himself and others would do the same for him, because they enjoyed watching each other.

15.     White claimed to prefer watching females, and admitted to masturbating on these sites.

16.     White explained that he would request videos of "boobs" and "vagina." However, he also stated that you cannot control what video comes up or request a specific video.

17.     White denied that he ever requested child pornography.

18.     White the modified his answer and said he does not think that he ever intentionally requested child pornography.

19.     White also mentioned that the way the site is set up, it randomly matches you with people and you could not request child pornography.

20.     Federal Agents confronted White with his recorded activity on Omegle; were he requested child pornography and was recorded masturbating.

21.     When asked if his memory was now refreshed, he stated, "yes, sir," and shook his head yes in agreement.

22.     When Federal Agents told White that his electronics would be checked for child pornography, he stated, "I don't think you will find anything."

23.     However, he then stated that there was a 2% chance there was child pornography on his device(s).

24.     White admitted to being dishonest and that he had been on the Omegle site while employed as a youth minister.

25.     When confronted about communications where he claimed to have sexually assaulted his own children, White admitted that he fantasized about committing incest.

26.     White stated that he visits pornographic sites on a daily basis that contained incest pornography.

27.     White claims to watch porn on his computer and phone.

28.     White claims his wife has no knowledge of his fantasies or his pornographic

activities.

29.     White admitted that he has viewed prepubescent porn or CSAM.

30.     While White admitted that he knew child pornography was illegal, he explained that his lust for it was very strong.

31.     White claims he has been viewing child pornography for about eight years.

32.     White admitted to requesting child pornography on Omegle, and went on to say the particulars of the videos showed males and females between the ages of 10 and 15 years old.

33.     Based upon the White's admissions that he often viewed child pornography, and based upon the investigators understanding of how people who view child pornography often store images and videos on various devices, and often hide this material through a variety of tactics, law enforcement seized the Respondent Property to analyze whether they contained illicit materials.

34.     On November 15, 2023, Corey White was indicted in criminal Cause No. MO-23-CR-192 DC (Doc. 9), in the Western District of Texas, Midland-Odessa Division.   White was charged with one count of Sexual Exploitation of Children - - Possessing of Accessing Child Pornography (Visual Depiction of an Actual Minor), in violation of Title 18 U.S.C. 2252A(a)(5)(B).

35.     On December 12, 2023, White filed a claim for the seized Respondent Property that he claims do not contain child pornography.

36.     On January 3, 2024, White entered a guilty plea to the one-count Indictment.  (Doc. 19).  On January 19, 2024, the court accepted White's guilty plea.  (Doc. 23).

37.     White is currently scheduled to be sentenced on April, 4, 2024.

38.     Based on the foregoing facts, the Respondent Property is subject to forfeiture given that White (1) admitted to viewing child pornography images and/or videos on various sites; (2)

admitted to downloading child pornography files on his personal laptop and phones; and (3) admitted he enjoyed viewing child pornography, knowingly it is illegal.

39.     Given the totality of the circumstances outline herein, the facts reasonably establish that the Respondent Property helped facilitate the unlawful activities relating to violations of Title 18 U.S.C. § 2251(A) *et seq.*

40.     Therefore, the Respondent Property is subject to forfeiture pursuant to Title 18 U.S.C. § 2254, for violations of Title 18 U.S.C. §§ 2251(A) *et seq.*

## V.
## PRAYER

That by virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Property, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Property is subject to forfeiture to the United States of America pursuant to the provisions of Title 18 U.S.C. § 2254.

WHEREFORE, the Petitioner, United States of America, prays as follows:

1.  That public notice shall be issued through an official Internet government forfeiture site for at least thirty (30) consecutive days, pursuant to Rule G(4)(a)(iv)(C), Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. Any person claiming a legal interest in the Respondent Property must file a Verified Claim with the court within **sixty (60)** days from the first day of publication of this Notice and an Answer within **twenty-one (21)** days thereafter. Title 18, Untied States Code, Section 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in property that the court determines is frivolous.  The Verified Claim and Answer must be filed with the Clerk of the U.S. District Court, 200 E. Wall Street, Room 222, Midland, Texas 79701, and copies of each served upon Assistant United States Attorney, Mark Tindall, 903 San Jacinto Blvd., Suite 334, Austin, Texas 78701, or default and forfeiture will be

ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

2.    That notice to known potential claimants shall be by direct notice.[1]  Any persons asserting an interest in or claim against the Respondent Property who have received direct notice of the forfeiture action must file a Verified Claim with the Clerk of the United States District Court, 200 E. Wall Street, Room 222, Midland, Texas 79701, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, **thirty-five (35)** days after the notice was received and an Answer within **twenty-one (21)** days thereafter.  Copies of the Verified Claim and Answer must be served upon Assistant United States Attorney, Mark Tindall, 903 San Jacinto Blvd., Suite 334, Austin, Texas 78701, or default and forfeiture will be ordered.  *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions;

3.    That Warrant of Arrest *in rem* issue to the Homeland Security Investigations for the Western District of Texas or any other authorized law enforcement officer or any other person or organization authorized by law to enforce the warrant, commanding the arrest of the Respondent Property;

4.    That the Homeland Security Investigations be granted the authority by the Court, upon arrest of the Respondent Property, to designate any other authorized law enforcement agency or any other authorized person or organization to act as substitute custodian of the Respondent Property;

5.    That Judgment of Forfeiture be decreed against the Respondent Property;

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

6.  That upon Final Decree of Forfeiture, the Homeland Security Investigations shall dispose of the Respondent Property in accordance with law; and

7.  For costs and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:   *Mark Tindall*

MARK TINDALL
Assistant United States Attorney
Texas Bar #24071364
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Email: mark.tindall@usdoj.gov

## VERIFICATION

Homeland Security Investigations, Special Agent Derek Farniok, declares and say that:

1.     I am a Special Agent with Homeland Security Investigations, assigned to the Midland Division Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2.     I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief; the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___21___ day of March, 2024.

                                        _____
                                        Derek Farniok, Special Agent
                                        Homeland Security Investigation
                                        Midland Division Office